**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ROBERTO SAENZ,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action Number:** |
| | : | |
| **vs.** | : | |
| | : | |
| **INTERNATIONAL THERMOCAST** | : | <u>**Jury Trial Demanded**</u> |
| **CORPORATION,** | : | |
| | : | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff, Roberto Saenz ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendant International Thermocast Corporation ("Defendant") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), hereinafter "the FLSA to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages, and (2) for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant International is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Cobb County, Georgia.

5.

Defendant employed Plaintiff as a maintenance worker in and around Woodstock, Georgia from May 2005 through the date of filing of the instant case.

6.

At all times material hereto, Plaintiff has been an "employee" of Defendant, as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about May 2009 until the present date, Plaintiff has been "engaged in commerce" as an employee of Defendant, as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about May 2009 through the date of filing of the instant case, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Defendant as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Defendant is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about May 2009 through the date of filing of the instant case, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2009, Defendant had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2010, Defendant had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, Defendant had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Defendant had two or more "employees engaged in commerce," as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2009, Defendant had two or more "employees" engaged in the "production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2010, Defendant had two or more "employees" engaged in the "production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, Defendant had two or more "employees" engaged in the "production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Defendant had two or more "employees" engaged in the "production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Defendant had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2009, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2010, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2011, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated), within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

30.

Defendant is subject to the personal jurisdiction of this Court.

31.

Defendant may be served with process through its Registered Agent, Thomas H. Rogers, Jr. located at 440 College Avenue, Athens, Georgia 30601.

32.

At all times material hereto, Plaintiff was not exempt from the FLSA maximum hour requirements by reason of any exemption set forth in 29 U.S.C. § 213.

33.

At all times relevant material hereto, Defendant did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

34.

At all times material hereto, Defendant did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, Defendant did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Defendant did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTIME

37.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

38.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

39.

At all times material hereto, Plaintiff regularly worked at Defendant's direction and for Defendant's benefit in excess of forty (40) hours per week.

40.

At all times material hereto, Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week.

41.

At all times material hereto, Defendant willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week.

42.

Defendant is liable to Plaintiff for the payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.

Defendant is liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

Defendant is liable to Plaintiff for his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/ CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER        CHARLES R. BRIDGERS
101 MARIETTA STREET          GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171               /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)           KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF